UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

FAR OUT MUSIC, ET AL                    CIVIL ACTION NO. 06-CV-02364

versus                                   JUDGE STAGG

MARK E. COLBY                            MAGISTRATE JUDGE HORNSBY

**O R D E R**

Pursuant to F.R.C.P. 16, a Scheduling Conference will be held in my chambers on **Thursday, August 30, 2007,** at **10:00 a.m.**

IT IS ORDERED that the attorneys and any pro se parties shall meet, in person or by telephone, no later than **August 9, 2007** to develop a case management report and discuss the issues listed in F.R.C.P. 26(f).

By **August 23, 2007,** the parties must (1) *file* the **case management report** in the format shown on the attached form and (2) *exchange* the **initial disclosures** required by F.R.C.P. 26(a)(1). A copy of the report must be delivered to my chambers at 300 Fannin Street, Suite 4300, Shreveport, LA 71101.

A party may not seek discovery before the Rule 26(f) meeting unless there is an agreement of the parties or order of the court permitting the discovery. F.R.C.P. 26(d).

The Trial Attorney for each party shall attend the Scheduling Conference. Out-of-town attorneys may participate by telephone (318/676-3265) upon prior notice to the court. Any attorney who is unable to attend at the scheduled time shall contact the court immediately to obtain alternative dates for the conference.

THUS DONE AND SIGNED at Shreveport, Louisiana, this 2nd day of July, 2007.

Attachment

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE

Revised 3/31/05

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

_____

PLAINTIFF JONES                    CIVIL ACTION NO. 00-0000

versus                             JUDGE _____

DEFENDANT SMITH                    MAGISTRATE JUDGE HORNSBY

**RULE 26(f) CASE MANAGEMENT REPORT**

A meeting of counsel (and any unrepresented parties) was held on _____ [by telephone] [in person]. The following persons participated: [List all parties and their counsel, if any.]

**1. Nature of Plaintiff's Claim**

Identify the *basic* nature of Plaintiff's *primary* claim.  For example, "employment discrimination (sex)," "personal injury (slip and fall)," "civil rights (excessive force)," "copyright infringement (software) " or "breach of contract (oil and gas)."  Do <u>not</u> summarize or restate the allegations of the complaint.

**2. Bench or Jury Trial**

Has any party demanded a trial by jury?  If so, identify the pleading containing the jury demand.

**3. Initial Disclosures**

Have the parties exchanged initial disclosures?  If not, explain.

**4. Jurisdiction**

Does any party challenge the court's subject matter jurisdiction over this case?  If so, briefly explain the basis for the challenge.

**5. Joinder of Parties and Amendment of Pleadings**

A.    Does any party anticipate seeking leave to amend a pleading or add a party?

B. If so, describe briefly the anticipated amendments and identify any potential new parties and the nature of the claim against them.

C. State a proposed deadline for all amendments. If any party requests a deadline that is more than 30 days after the date of the scheduling conference, provide a detailed explanation.

**6. Discovery Issues**

Absent stipulation or leave of court, the court will enforce the limitations on discovery in the F.R.C.P., including no more than 10 depositions per side [Rule 30(a)(2)]; each deposition is limited to one day of seven hours [Rule 30(d)(2)]; and no more than 25 interrogatories per party [Rule 33(a)]. With those rules, and the issues identified in F.R.C.P. 26(f)(1)-(4), in mind:

A. Each party shall briefly describe (i) any discovery disputes the party anticipates may arise and (ii) any relief the party requests from the court in connection with the discovery issues.

B. State a proposed deadline for completion of all discovery. If any party requests a deadline that is more than 6 months after the date of the scheduling conference, provide a detailed explanation.

**7. Motion Practice**

A. Identify all pending motions.

B. Does either party anticipate filing a case dispositive motion? If so, (i) identify the proposed motion and (ii) state a proposed deadline for dispositive motions.

**8. Alternative Dispute Resolution**

In accordance with Local Rule 16.3.1W and 28 U.S.C. § 652, the parties must consider the use of alternative dispute resolution (ADR). State the position of the parties on whether this case is amenable to ADR and, if so, what form of ADR is considered most appropriate.

**9. Trial by Magistrate Judge**

Do all parties consent to trial before the assigned magistrate judge?

**SIGNATURES**

This report must be signed by trial counsel for each represented party and by any unrepresented parties.

**FILING INSTRUCTIONS**

File the original of this report with the clerk of court, and deliver a copy to the chambers of Magistrate Judge Hornsby.